FILED
September 30, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: BT
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | Civil Action No. 5:26-cv-04096-XR |
| JAX CASH BUYERS LLC and<br>JAMES DANIEL STALLWORTH,<br>Defendants. | §<br>§<br>§<br>§ | |

**DEFENDANT JAMES DANIEL STALLWORTH'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendant James Daniel Stallworth ("Stallworth"), appearing pro se, moves to dismiss Plaintiff's Original Complaint under Federal Rules of Civil Procedure 12(b)(2), 12(b)(1), and 12(b)(6), and in support states as follows.

## I. INTRODUCTION

This is one of more than a dozen substantially similar telemarketing lawsuits Plaintiff Mark Anthony Ortega has filed in this District since 2024 using a near-identical complaint template — including a second action, *Ortega v. Qualifi, LLC*, No. 5:26-cv-04097, filed the same day as this one. Another court in this District recently dismissed one of Plaintiff's template suits in full. *Ortega v. Powur, PBC*, No. 5:25-CV-0864-JKP, 2026 WL 711813 (W.D. Tex. Mar. 13, 2026).

The claims against Stallworth should be dismissed for the following independent reasons: (A) this Court lacks personal jurisdiction over Stallworth, a Florida resident with no alleged individual contacts with Texas; (B) after *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146 (2025), the text of 47 U.S.C. § 227(c) supplies no private right of action for text messages sent to Plaintiff's cellular telephone; (C) the Complaint fails to

plead facts establishing that either Defendant — as opposed to some unidentified sender — bears direct or vicarious liability for the messages; (D) Count VII under Tex. Bus. & Com. Code § 305.053 is wholly derivative of the failed federal claims; (E) if the federal claims are dismissed, the Court should decline supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367(c)(3); and (F) Plaintiff has not pleaded a concrete Article III injury.

**Background statement (facts taken as true for purposes of this motion only).** Plaintiff, a San Antonio resident, alleges that between April 27 and June 19, 2026, he received at least seven text messages on his cellular telephone from Florida-area telephone numbers advertising real property located in Florida. (Compl. ¶¶ 24–27.) Three of the messages identified the trade name "Jax Cash Buyers" and directed recipients to "Call James" at a second number; the remaining follow-up messages identified no sender. (*Id.*) Plaintiff alleges his number has been registered on the National Do-Not-Call Registry since January 2012. (Compl. ¶ 16.) Jax Cash Buyers LLC is a Florida limited liability company with its principal office in Jacksonville, Florida; Stallworth is a Florida resident. (Compl. ¶¶ 14–15.) Stallworth contests personal jurisdiction and the legal sufficiency of every count.

## II. LEGAL STANDARDS

**Rule 12(b)(2).** Once challenged, the plaintiff bears the burden of establishing personal jurisdiction. Specific jurisdiction requires that the defendant "purposefully directed" activities at the forum and that the claim arise out of those forum contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985); *Walden v. Fiore*, 571 U.S. 277 (2014); *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021).

**Rule 12(b)(6).** A complaint must plead facts stating a plausible claim; courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The court determines the governing

law's meaning independently, affording an implementing agency's interpretation only appropriate respect. *McLaughlin*, 606 U.S. 146; *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024).

**Rule 12(b)(1).** The plaintiff must establish a concrete, particularized injury in fact. *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016); *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021).

## III. ARGUMENT

### A. This Court Lacks Personal Jurisdiction Over Stallworth (Rule 12(b)(2))

Stallworth is a Florida resident, and his co-defendant is a Florida limited liability company with its principal place of business in Jacksonville, Florida. (Compl. ¶¶ 14–15.) No general jurisdiction exists in Texas and none is alleged.

Specific jurisdiction is also absent. The only alleged Texas connection is that Plaintiff resides here and received text messages here. The constitutional inquiry, however, looks to the **defendant's** conduct connecting it to the forum — not to where the plaintiff lives or carries his phone. *Walden*, 571 U.S. at 284–86 ("the plaintiff cannot be the only link between the defendant and the forum"). The messages advertised real property located in **Florida** — Raiford, Florida; Jacksonville, Florida; and Lentie Road in Jacksonville, Florida. (Compl. ¶¶ 24–27.) Nothing about the alleged campaign targeted Texas or sought to serve a Texas market; the Texas nexus is entirely the product of Plaintiff's unilateral choice to hold a Texas telephone number.

The defect is most acute as to Stallworth **individually.** A corporate officer's forum contacts are not imputed from the company's; the plaintiff must plead the officer's own purposeful contacts with the forum. Plaintiff pleads none — only that messages said "Call James" and that Stallworth owns the business. (Compl. ¶ 32.) That does not establish that Stallworth personally directed any conduct at Texas.

**B. Section 227(c) Provides No Private Right of Action for Texts to a Cell Phone (Rule 12(b)(6))**

Every federal count rests on 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)–(d), which protect a "**residential** telephone subscriber." (Compl. ¶¶ 44–68.) Plaintiff alleges the messages went to his **cellular** telephone. (Compl. ¶¶ 16–20.)

The authority extending "residential subscriber" to wireless numbers is the Federal Communications Commission's interpretation, embodied in its 2003 Report and Order and 47 C.F.R. § 64.1200(e). That interpretation no longer controls the question. In *McLaughlin*, the Supreme Court held that district courts are **not bound** by the FCC's interpretation of the TCPA in private civil litigation and must construe the statute independently, affording the agency's view only "appropriate respect." 606 U.S. 146; *see Loper Bright*, 603 U.S. 369. Interpreted according to its ordinary meaning, "residential telephone subscriber" describes a household landline subscriber; it does not reach a personal cellular telephone. Because Plaintiff's § 227(c) and § 64.1200 claims all depend on treating his cell phone as a "residential" line, § 227(c)(5) supplies him no private right of action for the text messages alleged, and Counts I through IV fail as a matter of law.

Stallworth acknowledges that district courts have divided on this question in the period since *McLaughlin* was decided, and respectfully submits that the statutory text controls.

**C. The Complaint Fails to Plead Direct or Vicarious Liability (Rule 12(b)(6))**

A TCPA plaintiff must plead either direct liability — that the defendant **physically sent** the offending messages — or vicarious liability through common-law agency. *Ortega v. Powur, PBC*, 2026 WL 711813, at *3 (W.D. Tex. Mar. 13, 2026); *Ortega v. DiTommaso Inc.*, No. 5:24-CV-00369-JKP, 2025 WL 440278, at *5 (W.D. Tex. Feb. 6, 2025); *Cunningham v. Lifestyles Dev., LLC*, No. 4:19-CV-00006-ALM-CAN, 2019 WL 4282039, at *3–4 (E.D. Tex. Aug. 8, 2019). Conclusory agency labels do not suffice; the complaint must allege facts showing the principal's control over the sender. *Powur*, 2026 WL 711813, at *3. In *Powur*,

this District dismissed this same Plaintiff's materially identical § 227(c) and § 64.1200(d) claims because his agency allegations rested on a single conclusory attribution.

Here, Plaintiff does not identify who transmitted any message. He pleads in the alternative that the texts were sent "either by Defendants' own personnel or by one or more third-party agents" (Compl. ¶ 37), and his actual-authority, apparent-authority, and ratification theories (Compl. ¶¶ 38–40) are pleaded on information and belief, without facts showing that either Defendant controlled the manner and means of any sender's conduct. The Complaint asks the Court to leap from a trade name appearing in a message to an agency relationship with whoever sent it. That is a legal conclusion, not a fact. And if the unattributed follow-up messages (Compl. ¶ 27) cannot be tied to a Defendant, the number of violative solicitations attributable to any Defendant may fall below the "more than one telephone call within any 12-month period" that § 227(c)(5) requires. *See Powur*, 2026 WL 711813, at *4.

**D. Count VII (§ 305.053) Is Wholly Derivative and Falls with the Federal Claims (Rule 12(b)(6))**

Tex. Bus. & Com. Code § 305.053 provides a cause of action only for a communication that violates 47 U.S.C. § 227 or the regulations adopted under it. "Because a violation of Tex. Bus. & Comm. Code § 305 depends on a violation of 47 U.S.C. § 227," the failure of the federal claims is fatal to the § 305.053 claim as well. *Powur*, 2026 WL 711813, at *4. If Counts I through IV are dismissed for any of the reasons above, Count VII must be dismissed with them.

**E. The Court Should Decline Supplemental Jurisdiction Over the State-Law Claims (28 U.S.C. § 1367(c)(3))**

If the Court dismisses the federal claims (Counts I–IV), it should decline to exercise supplemental jurisdiction over the remaining state-law claims (Counts V–VII) under 28 U.S.C. § 1367(c)(3) and dismiss them without prejudice. The defendant in *Powur* sought the same

alternative relief. 2026 WL 711813, at *1.

### F. Plaintiff Has Not Pleaded a Concrete Article III Injury (Rule 12(b)(1))

Article III requires a concrete, particularized injury in fact. *Spokeo*, 578 U.S. 330; *TransUnion*, 594 U.S. 413. Plaintiff pleads only generic "annoyance," "aggravation," and depletion of battery and time. (Compl. ¶¶ 3, 36.)

Stallworth acknowledges that in *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686 (5th Cir. 2021), the Fifth Circuit held that receipt of a single unwanted text message can constitute a concrete injury. But the judicially noticeable record here presents a different question. Plaintiff is a prolific repeat filer of materially identical telemarketing suits in this District — more than a dozen since 2024, including a second, same-template action filed the very same day as this one, *Ortega v. Qualifi, LLC*, No. 5:26-cv-04097 — and courts in this District have already dismissed his template claims, including for lack of standing. *See Powur*, 2026 WL 711813, at *5 (dismissing Plaintiff's Chapter 302 claim under Rule 12(b)(1) where Plaintiff consented to or solicited the call at issue); Section IV, *infra*. A litigant who accumulates solicitations as inventory for serial, template-driven litigation does not suffer the individualized nuisance injury that Article III requires and that *Cranor* recognized.

## IV. REQUEST FOR JUDICIAL NOTICE

Stallworth requests judicial notice under Fed. R. Evid. 201 of the existence and dockets of the following actions filed by Plaintiff, as public court records (noticed for their existence and dispositions, not for the truth of allegations within them), all in the United States District Court for the Western District of Texas unless otherwise noted:

- *Ortega v. DiTommaso Inc.*, No. 5:24-cv-00369 (dismissal in part, 2025 WL 440278);
- *Ortega v. JKB Financial Inc.*, No. 5:24-cv-00374;
- *Ortega v. Sienna Marketing & Consulting Inc.*, No. 5:24-cv-00487;
- *Ortega v. Doe*, No. 5:24-cv-00662 (judgment entered on or about July 13, 2026);

- *Ortega v. Elite Living Realty, LLC*, No. 5:24-cv-00768;
- *Ortega v. Insurance Company of Texas*, No. 5:24-cv-01038;
- *Ortega v. Stern Rock Capital LLC*, No. 5:25-cv-00790;
- *Ortega v. Senior Life Insurance Co.*, No. 5:25-cv-00792;
- *Ortega v. Solcharge Nano LLC*, No. 5:25-cv-00863;
- *Ortega v. Powur, PBC*, No. 5:25-cv-00864 (dismissed, 2026 WL 711813);
- *Ortega v. Gotham Capital LLC*, No. 5:26-cv-00752;
- *Ortega v. Wisp, Inc.*, No. 5:26-cv-01294 (notice of settlement filed);
- *Ortega v. SANDM Enterprises, LLC*, No. 5:26-cv-01868;
- *Ortega v. Qualifi, LLC*, No. 5:26-cv-04097 (filed June 29, 2026, the same day as this action); and
- two original proceedings styled *In re Mark Anthony Ortega* and *In re Mark Ortega* in the Fourth Court of Appeals, San Antonio, Texas (2025), arising from County Court at Law No. 10 of Bexar County.

**V. CONCLUSION**

Stallworth respectfully requests that the Court dismiss all claims against him — for lack of personal jurisdiction under Rule 12(b)(2), and for the additional reasons above under Rules 12(b)(6) and 12(b)(1) — or, in the alternative, dismiss Counts I–IV and decline supplemental jurisdiction over Counts V–VII under 28 U.S.C. § 1367(c)(3). Because the pleading defects identified above apply equally to the claims against Jax Cash Buyers LLC, those defenses inure to its benefit as well. *See Powur*, 2026 WL 711813, at *5–6 (citing *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001)). Stallworth further requests such other relief as is just.

Dated: July 23, 2026

Respectfully submitted,

James Stallworth
______________________________
James Daniel Stallworth
Defendant, Pro Se
65115 Mossy Creek Lane
Yulee, FL 32097
Email: equitygroup904@gmail.com
Telephone: 757-395-7950

**CERTIFICATE OF SERVICE**

I certify that on July 23, 2026, a true and correct copy of the foregoing was served on Plaintiff Mark Anthony Ortega, P.O. Box 702099, San Antonio, TX 78270, by certified U.S. mail, return receipt requested.

James Stallworth
______________________________
James Daniel Stallworth