**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARK ANTHONY ORTEGA,** | § | |
| | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **vs.** | § | **CAUSE NO. 5:26-cv-04096-XR** |
| | § | |
| **JAX CASH BUYERS LLC and JAMES DANIEL STALLWORTH,** | § | |
| | § | |
| | § | |
| ***Defendants.*** | § | |

**DEFENDANT JAX CASH BUYERS LLC'S MOTION TO DISMISS COUNTS I THROUGH VIII PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(6)**

Defendant Jax Cash Buyers LLC ("Defendant") moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts I through VIII of Plaintiff Mark Anthony Ortega's First Amended Complaint, together with the specific claims for civil penalties and statutory damages identified below. Defendant further requests dismissal of the remaining state-law claims without prejudice if the Court dismisses all claims within its original jurisdiction and declines to exercise supplemental jurisdiction. In support, Defendant respectfully shows the Court as follows:

## I. INTRODUCTION

Plaintiff alleges that Defendants caused seven unsolicited marketing text messages to be transmitted to his cellular telephone between April 27 and June 19, 2026. Based on those communications, Plaintiff asserts twelve causes of action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and Chapters 302, 304, and 305 of the Texas Business and Commerce Code. However, this First Amended Complaint presents several distinct questions concerning the availability of the statutory remedies Plaintiff seeks.

First, Plaintiff's four federal claims arise exclusively under 47 U.S.C. § 227(c)(5), which authorizes a private action based on qualifying "telephone calls." Plaintiff does not allege receiving any voice telephone calls. The Seventh Circuit recently held that text messages do not constitute telephone calls for purposes of this statutory private right of action. *Steidinger v. Blackstone Medical Services*, No. 25-2398 (7th Cir. July 14, 2026). Although that decision is not binding in this Circuit, its textual analysis supports dismissal of Counts I through IV.

Second, Counts V and VI seek civil penalties under Texas Business and Commerce Code § 302.302. That provision establishes civil penalties for violations of Chapter 302 but does not expressly authorize a private plaintiff to recover those penalties personally. Although Chapter 302 separately permits enforcement through remedies available under the Texas Deceptive Trade Practices–Consumer Protection Act ("DTPA"), Plaintiff has not pleaded a DTPA cause of action or the elements necessary to obtain relief under that statute.

Third, Count VII invokes the private right of action under Texas Business and Commerce Code § 304.257. That provision expressly conditions a private action on notice to the telemarketer, a timely verified complaint to an appropriate state agency, and the absence of an agency enforcement action during the prescribed period. Plaintiff does not allege compliance with those statutory prerequisites.

Fourth, Count VIII invokes § 305.001, which prohibits certain sales calls to mobile telephones where the recipient will be charged for the specific call. Plaintiff alleges that he pays for wireless service but does not allege facts establishing a charge attributable to each challenged message as contemplated by the statute.

Defendant therefore requests dismissal of the identified claims while recognizing that Counts IX through XII assert independent state-law causes of action under § 305.053 that are not automatically defeated by dismissal of the federal TCPA claims.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he received seven text messages between April 27 and June 19, 2026, offering real property for sale in Florida. First Am. Compl. ¶¶ 21–32. Plaintiff further alleges that his cellular telephone number has been registered on the National Do-Not-Call Registry since 2012 and that he did not consent to receiving the messages. *Id*. ¶¶ 13–20.

The first three messages identified "Jax Cash Buyers" and directed Plaintiff to call "James" at a specified telephone number. *Id*. ¶¶ 22–25. Subsequent messages allegedly originated from the same sending number and concerned the same property offered in an earlier message. *Id*. ¶¶ 26–31.

Plaintiff also alleges that Jax Cash Buyers LLC was formed in Florida in June 2021 and administratively dissolved in September 2022. *Id*. ¶ 9. He alleges that Stallworth nevertheless continued operating a business under the Jax Cash Buyers name. *Id*. The First Amended Complaint also purports that Defendants originated the messages directly or through personnel or agents acting with actual authority, apparent authority, or ratification. *Id*. ¶¶ 49–56.

To that end, Plaintiff asserts four federal claims under § 227(c)(5), two claims under Chapter 302, one claim under Chapter 304, and five claims under Chapter 305 of the Texas Business and Commerce Code.

## III. LEGAL STANDARD

To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although the Court accepts well-pleaded factual allegations as true and draws reasonable inferences in Plaintiff's favor, it need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678–79.

Dismissal is appropriate when the allegations, even if accepted as true, do not establish a legally cognizable claim under the statutory provision invoked.

## IV. ARGUMENT AND AUTHORITIES

### A. Counts I Through IV Fail Because § 227(c)(5) Does Not Authorize a Private Action Based Solely on Text Messages.

Plaintiff's federal claims are premised on alleged violations of regulations adopted under § 227(c) of the TCPA. Each claim invokes the private right of action established by § 227(c)(5). That provision authorizes a private action for a person who has received more than one "telephone call" within a twelve-month period by or on behalf of the same entity in violation of regulations prescribed under § 227(c).

The statutory language is significant. Congress defined "telephone solicitation" to include a "telephone call or message" made for the purpose of encouraging the purchase, rental, or investment in property, goods, or services. 47 U.S.C. § 227(a)(4). Yet Congress employed the narrower term "telephone call" when defining the conduct giving rise to a private right of action under § 227(c)(5).

The Seventh Circuit recently addressed whether that statutory private right of action encompasses text messages. In *Steidinger v. Blackstone Medical Services*, No. 25-2398 (7th Cir. July 14, 2026), the court examined the ordinary public meaning of "telephone call" at the time of the TCPA's enactment and the surrounding statutory provisions. It concluded that text messages do not constitute telephone calls for purposes of § 227(c)(5). The court further explained that the FCC's interpretation of regulatory provisions addressing text messages does not alter the scope of the private right of action Congress enacted.

Although *Steidinger* is persuasive rather than controlling authority, its interpretation gives effect to Congress's choice of different terms in related statutory provisions. Defendant recognizes that courts have reached differing conclusions concerning whether text messages may support claims under § 227(c)(5), and that text messages may be actionable under other provisions of the TCPA. Defendant's argument concerns only the private right of action Plaintiff invokes here. The First Amended Complaint alleges exclusively text messages. It does not identify any voice telephone call received by Plaintiff. First Am. Compl. ¶¶ 21–32. Accordingly, under the statutory interpretation adopted in *Steidinger*, Plaintiff has not alleged conduct actionable under § 227(c)(5).

This limitation applies to each federal count:

- Count I alleges violations of the National Do-Not-Call Registry regulations, 47 C.F.R. § 64.1200(c)(2).
- Count II alleges failure to maintain a written internal do-not-call policy under § 64.1200(d)(1).
- Count III alleges failure to train telemarketing personnel under § 64.1200(d)(2).
- Count IV alleges failure to provide required caller and seller identification under § 64.1200(d)(4).

Although the underlying regulations may apply to text-message solicitations, the regulations do not independently create a private right of action broader than § 227(c)(5). Accordingly, Counts I through IV should be dismissed.

**B. Counts V and VI Fail to Establish Plaintiff's Entitlement to Civil Penalties Under § 302.302.**

Counts V and VI allege violations of Chapter 302 of the Texas Business and Commerce Code. Count V alleges that Defendants engaged in telephone solicitation without the registration certificate required by § 302.101. And Count VI alleges that Defendants failed to disclose the street addresses required by § 302.202. For each count, Plaintiff seeks civil penalties of up to $5,000 per violation under § 302.302(a), together with prosecution costs under § 302.302(d).

Section 302.302(a) provides that a person violating Chapter 302 is subject to a civil penalty of up to $5,000 for each violation. The provision, however, does not expressly state that a private individual may recover those penalties as personal damages.

The structure of Chapter 302 distinguishes statutory penalties from private remedies. Section 302.301 authorizes enforcement by the Texas Attorney General. Section 302.303 separately permits enforcement through public or private remedies available under the DTPA. The Legislature's express incorporation of DTPA remedies does not necessarily transform the civil penalties established by § 302.302 into damages recoverable personally by every recipient of an alleged telephone solicitation.

Plaintiff does not assert a DTPA claim, identify a cognizable DTPA injury, or plead the statutory elements required to recover under that remedial framework. Instead, he seeks to recover Chapter 302 civil penalties directly. Defendant therefore submits that Counts V and VI fail to state claims entitling Plaintiff to the civil penalties requested under § 302.302. At a minimum, the Court should dismiss or strike the requests for civil penalties and prosecution costs

under § 302.302 to the extent Plaintiff seeks those remedies in his individual capacity without establishing an applicable statutory authorization.

**C. Count VII Fails to Allege Compliance With the Express Prerequisites for a Private Action Under § 304.257.**

Count VII alleges violations of the Texas no-call-list requirements under § 304.052 and seeks damages pursuant to § 304.257. Unlike the federal statutory provision addressed above, § 304.257 expressly creates a private right of action for certain telemarketing violations. However, that right is subject to specific statutory prerequisites.

Under § 304.257(a), a consumer may bring an action based on a second or subsequent violation of the applicable no-call-list requirements only if:

1. The consumer has notified the telemarketer of the alleged violation;
2. Within thirty days after the call, the consumer files a verified complaint with the Texas Public Utility Commission, Attorney General, or an appropriate licensing agency; and
3. The receiving agency does not initiate an administrative or civil enforcement action before the 121st day after the verified complaint is filed.

These requirements are expressly included in the statute defining the private cause of action.

Plaintiff alleges that he notified the sender after receiving the June 19, 2026 message. First Am. Compl. ¶¶ 34–37, 87. However, Plaintiff does not allege that he filed a verified complaint with the Texas Public Utility Commission, Attorney General, or another qualifying agency within thirty days of any challenged message. Nor does he allege that the receiving agency refrained from initiating enforcement proceedings during the statutorily prescribed period.

Indeed, Plaintiff filed his original federal lawsuit on June 29, 2026, only ten days after the final alleged message. His pleading does not explain how the statutory waiting-period

requirements were satisfied before the commencement of this action. Accordingly, Plaintiff has not alleged facts establishing his entitlement to maintain a private action under § 304.257. Count VII should therefore be dismissed.

**D. Count VIII Does Not Plausibly Allege That Plaintiff Was Charged for Each Specific Communication as Required by § 305.001.**

Count VIII alleges violations of Texas Business and Commerce Code § 305.001. That provision prohibits certain sales calls to mobile telephones where the caller knows or should know that the recipient will be charged for the specific call and the recipient has not consented. The statutory requirement is not merely that the recipient pays for mobile telephone service. Rather, the statute expressly requires that the recipient be charged for the specific communication at issue.

Plaintiff alleges that he maintains a paid wireless plan and pays for service with his own funds. First Am. Compl. ¶¶ 89–91. He further alleges that wireless subscribers may be charged for incoming communications even when they purchase service through prepaid or fixed-rate plans. However, the First Amended Complaint does not identify Plaintiff's particular billing arrangement, any per-message charge, any reduction in a finite allotment of messages, or another charge attributable to the specific communications alleged. Plaintiff's general allegation that he pays for wireless service does not necessarily establish that he incurred a charge for each challenged message within the meaning of § 305.001.

Defendant recognizes that the statute does not expressly require a separately itemized per-message fee and that whether a fixed-rate or prepaid arrangement satisfies the statutory language may present a question of interpretation. Nevertheless, Plaintiff must allege facts making the statutory charge requirement plausible rather than merely reciting that he maintains

paid wireless service. Accordingly, Defendant submits that Count VIII fails to state a claim under §§ 305.001 and 305.053.

**E. Counts IX Through XII Assert Independent State-Law Claims and Are Not Automatically Disposed of by Dismissal of Counts I Through IV.**

Counts IX through XII invoke Texas Business and Commerce Code § 305.053 and allege communications violating regulations adopted under the TCPA. Unlike the federal cause of action established by § 227(c)(5), § 305.053 expressly addresses certain communications violating the TCPA or regulations adopted under it. Accordingly, Defendant does not contend that the statutory interpretation adopted in *Steidinger* automatically disposes of these state-law claims.

Defendant likewise does not concede that Plaintiff has established each element of the alleged regulatory violations or that the communications are legally attributable to Jax Cash Buyers LLC. Those issues remain subject to Defendant's defenses and, where appropriate, further proceedings.

**F. If All Federal Claims Are Dismissed, the Court Should Consider Declining Supplemental Jurisdiction Over the Remaining State-Law Claims.**

Plaintiff invokes federal-question jurisdiction over his TCPA claims and supplemental jurisdiction over the related Texas statutory claims. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it possessed original jurisdiction. If all federal claims against both Defendants are dismissed, Defendant requests that the Court consider declining supplemental jurisdiction over the remaining Texas statutory claims.

The state-law causes of action present questions concerning the interpretation and enforcement of Chapters 302, 304, and 305 of the Texas Business and Commerce Code,

including statutory prerequisites, private remedies, and regulatory requirements. Those issues may appropriately be resolved by a Texas state court if no federal claims remain.

Defendant recognizes, however, that dismissal of only Jax Cash Buyers LLC's federal claims would not necessarily eliminate original jurisdiction over federal claims remaining against Stallworth. Accordingly, this request is expressly conditional upon dismissal of all claims within the Court's original jurisdiction.

## V. CONCLUSION AND PRAYER

For the foregoing reasons, Defendant Jax Cash Buyers LLC respectfully requests that the Court:

1. Dismiss Counts I through IV of Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6);
2. Dismiss Counts V and VI to the extent they seek civil penalties and prosecution costs under Texas Business and Commerce Code § 302.302 without a cognizable private right to those remedies;
3. Dismiss Count VII for failure to plead compliance with the statutory prerequisites of Texas Business and Commerce Code § 304.257;
4. Dismiss Count VIII for failure to plausibly allege the specific-charge requirement of Texas Business and Commerce Code § 305.001;
5. If all claims within the Court's original jurisdiction are dismissed as to all Defendants, decline to exercise supplemental jurisdiction over the remaining state-law claims and dismiss those claims without prejudice; and
6. Grant Defendant all other relief, at law or in equity, to which it may be entitled.

Respectfully submitted,

*/s/ Tracy Kambobe*
Tracy Kambobe
Texas Bar No. 24117392
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
5830 Granite Parkway, Suite 1000
Plano, Texas 75024
Telephone: (469) 484-6199
Facsimile: (469) 828-7217
tracy.kambobe@nelsonmullins.com

**ATTORNEYS FOR DEFENDANT JAX CASH BUYERS LLC**

## CERTIFICATE OF SERVICE

I certify that on October 30, 2026, the foregoing document was filed electronically with the Clerk of Court and served upon all parties in accordance with the Federal Rules of Civil Procedure and applicable Court ECF procedures.

*/s/ Tracy Kambobe*
Tracy Kambobe